IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM MICHAEL FIORE,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 2:12-cv-1097
JUDGE GREGORY L. FROST
Magistrate Judge Kemp

## OPINION AND ORDER

This action seeks review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits. On October 2, 2013, the United States Magistrate Judge recommended that the Court overrule Plaintiff's statement of errors and enter judgment in favor of the Commissioner. (ECF No. 17 at PAGEID# 818.)  The matter is now before the Court upon Plaintiff's objections to the Magistrate Judge's Report and Recommendation (ECF No. 18) and the Commissioner's response to Plaintiff's objections (ECF No. 20).

**I.**

The factual and procedural history of this case is adequately set forth in the Magistrate's Report and Recommendation and need not be repeated here.  Plaintiff objects to the Magistrate Judge's determination that the decision of the Administrative Law Judge ("ALJ") denying benefits was correct and the recommendation that judgment be entered in favor of the Commissioner.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed

1

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**II.**

As an initial matter, the Court addresses the Commissioner's contention that the Court should strike Plaintiff's objections as untimely. The Magistrate Judge's Report and Recommendation contained the standard notice to the parties, advising them that objections must

be filed within 14 days in order to preserve their right to de novo review of the Report and Recommendation. (ECF No. 17 at PageID# 818-19.) Plaintiff filed his objections in this case on October 21, 2013, which was 19 days after the date of the Report and Recommendation. The Commissioner therefore argues that Plaintiff filed his objections five days too late.

Contrary to the Commissioner's position, the Court finds that Plaintiff timely filed his objections. The 14-day notice provided by the Magistrate Judge must be read in conjunction with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b)(2) provides that a party must file objections to a Magistrate Judge's recommended disposition "[w]ithin 14 days *after being served* with a copy of the recommended disposition." (Emphasis added.) Because the time period for filing objections is attached to the *service* of the Magistrate Judge's recommended disposition, Fed. R. Civ. P. 6(d) adds three days to the prescribed period. Thus, Plaintiff had 17 days after service of the Report and Recommendation to file his objection. And because the 17th day after service fell on Saturday, October 19, 2013, the filing deadline for Plaintiff's objections became October 21, 2013 by operation of Fed. R. Civ. P. 6(a)(1)(C).

Accordingly, the Court declines to strike Plaintiff's objections, as they are timely filed.

### III.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge. In his Objections, Plaintiff submits the same arguments as he did in his Statement of Errors, merely repackaging them into an abridged form. Plaintiff has raised no arguments to convince this Court that the reasoning of the Magistrate Judge was incorrect.

Plaintiff first takes issue with the Magistrate Judge's affirmance of the ALJ's decision that Plaintiff's depression was not a severe impairment. Plaintiff contends that the ALJ unduly discounted Plaintiff's depression based on the fact that Plaintiff was not receiving any mental

health therapy for his depression. But Plaintiff's objection does nothing to undermine the Magistrate Judge's analysis.

Citing *Buron v. Apfel*, 208 F.3d 212 (6th Cir. 2000) (table), the Magistrate Judge recognized the rule that failure to seek mental health treatment may *not* be used as the *determinative* factor in deciding if a claimant's mental impairment is severe. (ECF No. 17 at PageID# 813.) *Burton* stands for the proposition that when the record contains "substantial evidence of a severe mental impairment," an ALJ commits error by discounting this evidence solely because the claimant has not sought treatment for the impairment. But in this case, there is *no* substantial or medically documented evidence of a severe mental impairment. The Magistrate Judge noted that the *only* full evaluation of Plaintiff's depression, done by Floyd Saurs, M.A. (whom Plaintiff saw for a psychological assessment), indicated only two mild impairments.

Moreover, the Court agrees with the Magistrate Judge that the ALJ did not rely primarily upon Plaintiff's failure to seek treatment as a basis for finding that Plaintiff's depression was not severe. The ALJ's focus was on the content of Plaintiff's medical records and conclusions reached by both Mr. Sours and the state agency reviewer. Under no reading of the ALJ's decision was Plaintiff's failure to seek treatment the "determinative" factor. Thus, Plaintiffs' reliance on *Burton* and other cases applying the same rule is misplaced.

Plaintiff's next objection is that "the ALJ errored [sic] in not addressing [Plaintiff's] credibility and testimony regarding his chronic pain." (ECF No. 18 at PageID# 822.) Plaintiff contends that the ALJ "penalized" Plaintiff for trying to work during periods in which he was injured and for trying to attend college during these periods. (*Id.*)

As recognized by the Magistrate Judge, proper evaluation of a claimant's subjective reports of disabling pain is subject to a two-part analysis. First, the Commissioner should examine whether there is objective medical evidence of an underlying medical condition. If there is, the Commissioner must examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain. *See Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If there is objective evidence of a sufficiently severe condition, a claimant can prove the existence of disabling pain through other evidence, even if the medical evidence does not substantiate the extent of the claimant's pain. *See Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994). Such evidence can include (1) the claimant's daily activities, (2) the duration, frequency, and intensity of the symptoms, (3) precipitating and aggravating factors, (4) medication (including side effects), (5) treatment or therapy, and (6) any other pertinent factors. 20 C.F.R. §404.1529(c)(3); *see also Felisky*, 35 F.3d at 1039-40.

To be sure, the determination of disability based on a claimant's pain depends to some extent on the credibility of the claimant. *Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984). "An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Security*, 127 F.3d 525, 531 (6th Cir. 1997). Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Id.* If the medical and lay evidence supporting the claimant's allegations of pain is uncontradicted and overwhelming, the ALJ's credibility finding is not entitled to deference. *See King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984).

In this case, the Court accords deference to the ALJ's decision that Plaintiff's testimony about disabling pain was not entirely credible. The ALJ considered such evidence as (1) the sporadic nature of treatment for the first two years during which Plaintiff alleged disability, (2) Plaintiff's ability to attend college, travel, and work periodically during the period he complained of having disabling symptoms, (3) relevant medical records, which was of a generally conservative nature and was successful in reducing or controlling Plaintiff's symptoms, and (4) the fact that no doctor recommended or imposed limitations that were inconsistent with working at some level requiring physical exertion. Based on the evidence in the record that the ALJ relied upon, the Court finds no reason to reject the ALJ's credibility finding.

Finally, Plaintiff objects on the basis that the ALJ erred "by stating that although [Plaintiff] could perform work he further stated that [Plaintiff] was limited to less than a full range of sedentary work." (ECF No. 18 at PageID# 820, 823.) In other words, Plaintiff contends that the ALJ erred in finding that Plaintiff could perform a number of jobs that exist in significant numbers in the economy.

The ALJ relied on testimony from a vocational expert to support the determination that Plaintiff could perform substantial gainful activity. The vocational expert identified a substantial number of jobs that could be performed at the unskilled and sedentary exertional level. Plaintiff argues, however, that the ALJ did not account for Plaintiff's left shoulder injury, which, according to medical evidence, limited Plaintiff's overhead lifting and prohibited him from extending, reaching, or pushing with the left arm that would be at full length.

It is true that the vocational expert testified that the base of jobs available to Plaintiff would be reduced by approximately 50 percent if Plaintiff was unable to fully extend his left arm. But as the Magistrate Judge noted, the ALJ was not required to accept this part of the

vocational expert's testimony. The vocational expert testified that the job base would be reduced by 50 percent *if* there was no "extending out" of Plaintiff's left arm. But the testimony from the medical expert did not say that Plaintiff could not extend his left arm out *at all*. The medical expert testified that "I wouldn't want him doing any extended reaching or pushing with the left arm. That would be out full length." It is unclear what "extended" means in this context—it could mean how far the arm is extended (*i.e.*, "full length") or it could simply mean that the medical expert did not recommend that Plaintiff reach or push for an extended *period of time*. The ALJ was in a better position to determine what this mean in this context.

If Plaintiff had some ability to do some reaching or pushing or pulling within a certain weight limit, the vocational expert testified that the number of jobs available in the economy would not be affected. Given the state of the record on this point, the Court cannot say that either the ALJ or the Magistrate Judge erred.

**IV.**

For the reasons stated above, the Court **ADOPTS AND AFFIRMS** the Report and Recommendation (ECF No. 17). The Court **OVERRULES** Plaintiff's objections (ECF No. 18) and statement of errors (ECF No. 13) and **ORDERS** that judgment be entered in favor of the Commissioner.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE